UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE BAR,<br><br>   Defendant. | Case No. 21-cv-06794-TSH<br><br>**ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS AND PARTIAL PAYMENT OF FILING FEE; NOTICE OF PLEADING STANDARDS AND NOTICE OF RESOURCES** |

The Court issues (1) an order regarding Plaintiff George Jarvis Austin's partial payment of the filing fee; (2) an order screening his application to proceed in forma pauperis, (3) a notice of the pleading standards that apply to litigants in federal court, and (4) a notice of resources available to litigants representing themselves in federal court.

**A.   Partial Payment of Filing Fee**

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). However, he has also paid $101 toward the filing fee. ECF No. 6. Plaintiff has been advised in his earlier cases that partial payments cannot be accepted without a court order. *See* Order, No. 3:20-cv-05445, ECF No. 31; Order, No. 3:21-cv-05225, ECF No. 15. As Plaintiff never applied for a court order to make partial payments here, it is unclear how he seeks to proceed. If he wishes to pay the full filing fee, he may remit the remainder of the $402 filing fee for a civil case ($350 plus a $52 Administrative Fee). Alternatively, he may seek leave to pay a partial filing fee as part of his application to proceed in forma pauperis. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (recognizing a district court's power to require partial payment of fees under 28 U.S.C. § 1915) (citing *Alexander v. Carson Adult High School*, 9 F.3d 1448 (9th Cir. 1993)).

Accordingly, the Court **ORDERS** Plaintiff to pay the full filing fee or file a request to pay a partial filing as part of his in forma pauperis application by October 1, 2021.

### B. Order Screening Application to Proceed In Forma Pauperis

If Plaintiff does not pay the full filing fee, the Court has reviewed his in forma pauperis and finds it is unable to determine whether he is entitled to proceed in forma pauperis. Accordingly, for the reasons discussed below, if Plaintiff does not pay the full filing fee, he must file a revised application by October 1, 2021.

#### 1. Legal Standard

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). When ruling on an in forma pauperis application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). Thus, the grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). An affidavit to proceed in forma pauperis is sufficient if it indicates "that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents' with the necessities of life." *Adkins*, 335 U.S. at 339. The IFP statute does not itself define what constitutes insufficient assets, but "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960). Still, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *See Escobedo v. Applebees*, 787 F.3d 1226, 1234

2

(9th Cir. 2015) (simplified).

### 2. Analysis

Based on the information Plaintiff provided in the application, the Court is unable to determine whether Plaintiff is entitled to proceed in forma pauperis. Specifically, rather than disclose his financial information, Plaintiff repeatedly states "Not disclosed" in his application. As Plaintiff's application does not satisfy the requirements of 28 U.S.C. § 1915(a)(1), Plaintiff must either (1) file an amended application to proceed in forma pauperis with a new affidavit that includes the requested financial information, with actual numbers or (2) pay the $400 filing fee. If Plaintiff does not do so, the Court may dismiss the case without prejudice. Alternatively, Plaintiff may dismiss this case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. The deadline for Plaintiff's submission is October 1, 2021.

If Plaintiff files an amended application and wishes to keep certain answers confidential, he may file an administrative motion to file the amended application under seal pursuant to Civil Local Rule 79-5. If doing so, Plaintiff must also file a declaration setting forth the reasons why the application should not be disclosed to the public. *See* Civ. L.R. 79-5(d)(1). Plaintiff is advised that, as a public forum, the Court has a policy of providing the public full access to documents filed with the Court. Thus, in forma pauperis applications are frequently made public and sealing of such documents is extremely rare.

If Plaintiff is not given leave to proceed in forma pauperis, Plaintiff must serve the complaint and any amendments, scheduling orders, and attachments pursuant to Federal Rule of Civil Procedure 4. Failure to do so also may result in dismissal of this action.

### C. Notice of Pleading Standards

If Plaintiff chooses to move forward with this case, the Court provides this notice that the in forma pauperis statute requires dismissal of a complaint if it is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, the Court recommends Plaintiff consider how the complaint compares with the standard stated below to

understand what is required in the early stages of litigation.

Federal Rule of Civil Procedure 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In determining whether to dismiss a complaint, courts are ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court cannot assume that the plaintiff can prove facts that have not been alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Further, a complaint can be dismissed if it constitutes a "shotgun" pleading, i.e., "when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Spitters v. Miceli*, 2018 WL 6816110, at *5 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018) (citing *Hughey v. Camacho*, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014). A complaint must give the defendant fair notice of what the plaintiff is claiming.

Here, it is likely that Plaintiff's 78-page complaint does not comply with Rule 8 because it does not set forth a short and plain statement of his claims. Although "[s]pecific facts are not necessary," a plaintiff must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations and quotations omitted, ellipsis in original). Plaintiff's complaint does not clearly describe the claim

or claims he seeks to bring against the defendants, and it does not clearly connect any of the facts alleged in the complaint to any of the defendants. To comply with Rule 8's pleading requirement, Plaintiff may wish to amend the complaint to state as clearly as possible the facts giving rise to the complaint. Plaintiff must also explain why each named defendant is being sued by making specific factual allegations that connect each defendant with the alleged wrongdoing, and specifically identifying the claim(s) asserted against each defendant.

**D.     Notice of Resources**

Because Plaintiff is not represented by counsel, the Court provides this notice of the opportunity to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: September 3, 2021

THOMAS S. HIXSON
United States Magistrate Judge